**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
GILBERT ROMAN,                          )
                                        )
              Plaintiff,                )
                                        )
v.                                      ) Civil No. 12-1370 (EGS)
                                        )
NATIONAL RECONNAISSANCE OFFICE,         )
                                        )
              Defendant.                )
_____ )


**<u>MEMORANDUM OPINION</u>**

Plaintiff Gilbert Roman, proceeding _pro se_, brings this

case alleging violations of his constitutional rights in

connection with the government's processing of his requests for

information under the Freedom of Information Act ("FOIA").[1]

Pending before the Court are:  (1) Defendant's Motion to Dismiss

for Failure to State a Claim, (Docket No. 7), and Plaintiff's

oppositions thereto (Docket Nos. 11, 14, 17); (2) Plaintiff's

motions for discovery (Docket Nos. 9 and 15); and (3)

Plaintiff's requests to enter evidence into the record.  (Docket

Nos. 10, 16, 18).

As an initial matter, Plaintiff's requests to enter

evidence into the record are **GRANTED.**  Upon consideration of

_____
[1] Plaintiff filed another case, _Roman v. Department of the Air
Force_, Case No. 12-1381, also resolved by the Court this same
day.  The two cases involve different FOIA requests to different
agencies.

Defendant's Motion to Dismiss, Plaintiff's Oppositions, the entire record in this case, and for the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.   Consequently, Plaintiff's motions for discovery are **DENIED** as moot.

## I.    BACKGROUND

Plaintiff is a private citizen seeking damages of $7,000,000 against defendant National Reconnaissance Office ("NRO"), a United States government agency responsible for building, launching, and maintaining America's intelligence satellites.   Compl. at 1; Civil Cover Sheet at 2.   Plaintiff claims that Defendant failed to adequately respond to his requests for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012).   Compl. at 1.   Mr. Roman requested documents concerning functional magnetic resonance imaging ("FMRI") technology "or the ability to read the pulses and patterns of the human brain."   *Id.*   He alleges Defendant's inadequate search for the requested documents violated his First Amendment rights of free speech and free press, and his Fifth Amendment right to due process.   *Id.*   Although the Complaint does not specify which requests Plaintiff claims the NRO inadequately considered, the attachments to the Complaint reference three FOIA requests.

First, on August 16, 1996, Plaintiff made a FOIA request for several categories of information to the Department of

Defense, which was forwarded to the NRO for processing.[2]  Compl.,

Ex. A.  On September 26, 1996, the NRO responded to Plaintiff's

request advising that it did not have responsive records for

some of his requests.[3]  Compl., Ex. A1-2.  As to the other

requests, Defendant claimed those documents would be classified

under Executive Order 12958, if they existed, making them exempt

from disclosure under 5 U.S.C. § 552(b)(1).[4]  *Id.*  Defendant also

advised Plaintiff that he had the right to appeal the decision,

which, according to the record before this Court, Plaintiff did

not.  Compl., Ex. A2.

---

[2] Plaintiff requested:  "1. '. . . the complete biographical
backgrounds on all personnel assigned to the 8X spy satellite
program & US Policy on Remote Sensing Space Capabilities.  The
medical, scientific, & scholastic backgrounds of these
gentlemen.' . . . . 2. '. . . copies of any and all flyers and
tapes which read (The Gov't Can Read Our Minds) . . .
fingerprint verification (who[se] fingerprints appear on these
papers).' . . . . 3. '. . . any and all papers and tapes
pertaining to me. . . born [ ] ss# [ ].' . . . . 4. '. . . the
annual budget for these two programs' (8X spy satellite program
& US policy on Remote Sensing Space Capabilities). . . . 5. '. .
. how many satellites are in orbit with the technology which
reads the pulses and patterns of the human brain, and converts
these readings into words and sentences . . . .' . . . . 6. '. .
. technology is built in the 8X spy satellite program and might
fall under the name US Policy on Remote Sensing Space
Capabilities . . . the person assigned to retrieve this data . .
. said person sign an affidavit stating his clearance . . . a
list of all levels of clearance assigned to personnel.' . . . ."
Compl., Ex. A1-2.

[3] Request Nos. 2, 3, and 5.

[4] Request Nos. 1, 4, and 6.

Second, on May 14, 2009, Plaintiff sent another FOIA request to Defendant.  Compl., Ex. A3-4.  Plaintiff requested: "1. . . . information on functional magnetic resonance imaging. 2.  The date it was put into service.  3. The first successful report on the first person it was used on successfully."  Compl., Ex. A3.  On June 16, 2009, Defendant accepted Plaintiff's May 14, 2009 request, and advised Plaintiff that it was limiting its search to NRO-originated records.  Compl., Ex. A6.

On July 1, 2009, Defendant advised Plaintiff that it completed its search but did not have responsive documents.  Compl., Ex. A8-9.  Plaintiff appealed Defendant's determination on July 12, 2009.  Compl., Ex. A10.  After review, Defendant confirmed the determination, and advised Plaintiff of his rights for judicial review of the decision.  Compl., Ex. A11.

Plaintiff filed a lawsuit against the NRO in the Eastern District of New York, *Roman v. National Reconnaissance Office*, No. 09-CV-2504 (the "New York case").  Def.'s Mot. to Dismiss ("Def.'s Mot."), Ex. A at 1, 4.  In the New York case, Plaintiff requested documents in response to his May 14, 2009 FOIA request to the NRO – the same request he references in this action. *Compare Id.* at 2 n.3, *with* Compl., Ex. A3-4.  The NRO filed a motion for summary judgment, which the court granted.  Def.'s Mot., Ex. A at 10-11.  The court found that the NRO performed a

4

reasonable and adequate search for the requested documents and did not improperly withhold any responsive documents. *Id.* at 11.

Third, on October 22, 2009, Plaintiff sent another FOIA request to Defendant.[5] Compl., Ex. A13-14. Defendant responded to the request on November 23, 2010, and enclosed 412 pages of responsive documents but withheld 37 pages of responsive documents asserting applicable FOIA exemptions. *Id.* Defendant advised Plaintiff of his right to appeal its determination, which according to the record before this Court, Plaintiff did not. Compl., Ex. A14.

Pursuant to the record before this Court, Plaintiff's FOIA requests at issue in this case are his August 16, 1996, May 14, 2009, and October 22, 2009 requests.

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *Elec. Privacy Info. Ctr.*

---

[5] Plaintiff requested: "1. . . . copies of all the Freedom of Information and/or Privacy Act of 1974 task sheets used to process my request to your agency; which you responded to on July 1, 2009 and Oct. 15, 2009. . .; 2. Copies of the DUTY OFFICER forms authorizing these searches. . .; 3. Copies of forms from the CLASSIFIED DOCUMENTS RECEIPTS. . .; 4. Copies of the forms from the OFFICE OF THE CLASSIFIED REGISTER OF CONTROL. . .; 5. Copies of any and all memorandums, emails concerning Gilbert Roman (ME)." Compl., Ex. A13.

*v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 90 (D.D.C. 2011).  To
survive a Rule 12(b)(6) motion, the complaint must contain "a
short and plain statement of the claim showing that the pleader
is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint
must have "'enough facts to state a claim to relief that is
plausible on its face' . . . ." *Elec. Privacy Info. Ctr.*, 795
F. Supp. 2d at 90 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S.
544, 570 (2007)).  A claim is facially plausible when the facts
of the complaint will allow the court to make a reasonable
inference that the defendant is liable for the alleged
misconduct. *Id.*

Furthermore, when evaluating a *pro se* complaint, the courts
apply "less stringent standards than formal pleadings drafted by
lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
However, a *pro se* complaint must still meet the requirements of
Federal Rules of Civil Procedure, Rule 8(a)(2) to survive a Rule
12(b)(6) motion to dismiss. *See Atherton v. Dist. of Columbia
Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009).

**III. ANALYSIS**

**A.   Defendant is Immune from Monetary Damages.**

Plaintiff attempts to state a constitutional claim for
money damages against the NRO.  Specifically, he claims that the
Defendant violated his constitutional rights under the First and
Fifth Amendments by improperly withholding documents responsive

6

to his FOIA requests.  Compl. at 1; Civil Cover Sheet at 2.  Mr. Roman does not, however, provide any authority for the proposition that he is entitled to damages from the government.

The Defendant is not subject to liability for damages because it is a federal agency.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  Generally, the federal government and its agencies are immune from lawsuits due to the doctrine of sovereign immunity, unless Congress explicitly waives immunity. *See id.* at 475; *United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  The Court is unaware of any waiver of sovereign immunity that would permit Plaintiff to seek money damages from Defendant for allegedly failing to provide documents responsive to Plaintiff's FOIA request.

Likewise, no money damages are available under FOIA.  The sole remedy available to a requester is injunctive relief—the court can compel an agency to produce documents or enjoin an agency from improperly withholding documents.  *See* 5 U.S.C. § 552 (a)(4)(B); *see also Johnson v. Exec. Ofc. for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *Sterling v. United States*, 798 F. Supp. 47, 48 (D.D.C. 1992) ("[T]he FOIA does not authorize the award of monetary damages.").

Therefore, Defendant is not subject to monetary damages due to sovereign immunity and because FOIA does not provide for monetary damages.

**B.   Beyond Unavailability of Monetary Damages, Plaintiff's Complaint is also Dismissed Under FOIA.**

The Complaint in this action does not appear to allege a violation of the FOIA, nor does Plaintiff request any injunctive relief, which, as discussed above, is the only remedy available under the statute.   In his Oppositions, Plaintiff again states that he does not bring his claims under FOIA.   *See* Pl.'s Mot. Opposing Dismissal and Req. for Discovery at 1, Docket No. 14 ("FOIA cannot and does not allow protection of constitutional rights[,] so FOIA cannot be used as a measure of my rights. Only the constitution can measure my rights."); Pl.'s Suppl. Opp'n to Dismissal at 1, Docket No. 17 ("FOIA does not and should never be used as a measure [of] a person['s] constitutional rights.").   Nevertheless, in its Motion to Dismiss, the Defendant argues that the claims should be dismissed under FOIA as well as principles of sovereign immunity.   Def.'s Mot. at 2-5.

As discussed above, Mr. Roman's claims for money damages are barred.   Even if, however, the Court were to construe Plaintiff's Complaint as requesting injunctive relief under the FOIA, Plaintiff's claims would still be dismissed.

      1. <u>This Court Cannot Adjudicate Plaintiff's May 14,</u>
        <u>2009 FOIA Request Due to the Doctrines of *Res*</u>
        <u>*Judicata* and Collateral Estoppel.</u>

Plaintiff is barred by the doctrines of *res judicata* and
collateral estoppel from seeking adjudication by this Court with
respect to his May 14, 2009 FOIA request.  The documents
Plaintiff requests are identical to the documents requested by
Plaintiff in the New York case.  *Compare* Def.'s Mot., Ex. A at 2
n.3, *with* Compl., Ex. A3-4.  Thus, this Court is not the forum
to adjudicate Plaintiff's claims regarding his May 14, 2009 FOIA
request.

*Res judicata* precludes Plaintiff from re-litigating the
same claim that was litigated in the New York case.  There are
four elements of *res judicata*:  "(1) an identity of parties in
both suits; (2) a judgment rendered by a court of competent
jurisdiction; (3) a final judgment on the merits; and (4) the
same cause of action in both suits." *Primorac v. C.I.A.*, 277 F.
Supp. 2d 117, 119 (D.D.C. 2003) (quoting *Polsby v. Thompson,* 201
F. Supp. 2d 45, 48 (D.D.C. 2002)).  Plaintiff Gilbert Roman and
defendant NRO are both parties in this case and were parties in
the New York case.  *Compare* Compl. at 1, *with* Def.'s Mot., Ex.
A.  An order was entered by the District Court of the Eastern
District of New York granting NRO summary judgment on February
22, 2012, and Plaintiff alleged that the NRO did not adequately
respond to his May 14, 2009 FOIA request in both lawsuits.

*Compare* Compl. at 1, *with* Def.'s Mot., Ex. A at 4, 10-11.  The four elements of *res judicata* are met.

Additionally, collateral estoppel precludes Plaintiff from re-litigating the same issues that were litigated in the New York case.  The elements of collateral estoppel are:  "'[1], the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[; 2], the issue must have been actually and necessarily determined by a court of competent jurisdiction[; and 3] preclusion in the second case must not work a basic unfairness to the party bound by the first determination.'"  *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)).  Here, the issues concerning Plaintiff's May 14, 2009 FOIA request are identical to the issues in the New York case:  whether Defendant conducted an adequate search for the records Plaintiff sought, and if Defendant properly responded. *Compare* Compl. at 1, *with* Def.'s Mot., Ex. A at 10-11.  In the New York Case, the court fully considered the issues and found that the NRO fully complied with the FOIA in conducting its search for the requested documents and did not improperly withhold documents.  Def.'s Mot., Ex. A at 1, 11.  The elements of collateral estoppel are met.  Accordingly, Plaintiff's FOIA claims regarding his May 2009 request must be **DISMISSED.**

2. <u>Plaintiff Failed to Exhaust his Administrative Remedies with Respect to his August 16, 1996 and October 22, 2009 FOIA Requests.</u>

A FOIA requester must exhaust administrative remedies before seeking judicial review. *See Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (overruled in part on other grounds); *see also Wilbur v. C.I.A.*, 355 F.3d 675, 676 (D.C. Cir. 2004) ("'[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA'. . . ." (citations omitted)). A plaintiff exhausts administrative remedies when he appeals an agency's response to his FOIA request, and the agency fails to respond to the appeal within the appropriate time limit, denies the appeal, or makes an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *See Hidalgo v. F.B.I.,* 344 F.3d 1256, 1259 (D.C. Cir. 2003). When a plaintiff has not exhausted administrative remedies, the court can dismiss the complaint *sua sponte* for failure to state a claim. *Isasi v. Office of Attorney. Gen.*, 594 F. Supp. 2d 12, 13 (D.D.C. 2009). Furthermore, the burden is on the plaintiff to prove exhaustion of administrative remedies. *Brown v. F.B.I.*, 793 F. Supp. 2d 368, 380 (D.D.C. 2011).

Plaintiff has not met his burden to demonstrate that he exhausted his administrative remedies; there is no evidence that he appealed Defendant's decisions with respect to his August 16,

1996 and October 22, 2009 FOIA requests.[6]   Specifically,
Defendant's response to Plaintiff's August 16, 1996 request
(dated September 26, 1996) and Plaintiff's October 22, 2009
request (dated November 23, 2010) state that Plaintiff has "the
right to appeal this determination . . . within 60 days of the
above date."  Compl. Ex. A2, A14.   Therefore, Plaintiff's
deadlines to appeal Defendant's response to his August 16, 1996
and October 22, 2009 requests were November 25, 1996 and January
22, 2011, respectively.  Both deadlines have long since lapsed.

## IV.   CONCLUSION

For the above reasons, Plaintiff's Motions to Enter
Evidence are **GRANTED**, and Defendant's Motion to Dismiss is also
**GRANTED**.  In light of the foregoing, Plaintiff's pending motions

---

[6] Since filing his Complaint, Mr. Roman has requested to enter
evidence into the record.  *See* "Enter Evidence Into Court
Record," Docket No. 10; "Motion to Enter Evidence Into the Court
Record," Docket No. 16; and "Motion to Enter Evidence," Docket
No. 18.  Plaintiff's motions are hereby **GRANTED**.  The Court has
reviewed all of Mr. Roman's submissions, none of which
demonstrate that he exhausted his claims.  Because this Court
does not rely on this evidence to make its decision, Defendant's
Motion to Dismiss does not convert to a motion for summary
judgment.  *See Robinson v. Dist. of Columbia*, 736 F. Supp. 2d
254, 263 (D.D.C. 2010).  Likewise, although Plaintiff has
requested discovery in this case, none of the discovery he seeks
pertains to the exhaustion requirement.  *See* Mots. for
Discovery, Docket Nos. 9, 12, 13 and 15.

for discovery are hereby **DENIED** as moot.  An appropriate Order

will accompany this Memorandum Opinion.


**Signed:**      **Emmet G. Sullivan**
                 **United States District Judge**
                 **July 9, 2013**